# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MARIO BRITTON,<br><br>    Petitioner,<br>v.<br><br>FLOYD MITCHELL,<br><br>    Respondent. | Case No. 12-CV-757-JPS<br><br>**ORDER** |

On July 23, 2012, petitioner Mario Britton ("Britton") filed a petition for a writ of habeas corpus (Docket #1) pursuant to 28 U.S.C. § 2254. Britton challenges the State of Wisconsin/Division of Hearing and Appeals' ("DHA") revocation of his extended supervision and subsequent confinement. As required, the court will conduct an initial screening of Britton's petition under Rule 4.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition…that the petitioner is not entitled to relief." This rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Upon an initial Rule 4 review of habeas petitions, the court will analyze whether the petitioner has avoided statute of limitations bars, exhausted available state remedies, avoided procedural default, and set forth cognizable constitutional or federal law claims.

In support of his petition, Britton argues that the revocation decision violated his Fourteenth Amendment due process rights, that the sentence imposed upon the revocation of his extended supervision was excessive and that he was denied effective assistance of revocation counsel.

The court will begin its Rule 4 review by examining Britton's petition to determine whether he has exhausted his state remedies. The district court may not address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A). If a federal habeas petition has even a single unexhausted claim, the district court must dismiss the entire petition and leave the petitioner with the choice of either returning to state court to exhaust the claim, or amending or resubmitting the petition to present only exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269, 278 (2005). A prisoner exhausts his constitutional claim when he presents it to the highest state court for a ruling on the merits. *Simmons v. Gramley*, 915 F.2d 1128, 1132 (7th Cir. 1990). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it again to the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

It appears that none of Britton's claims have been fully exhausted in state court. Indeed, Britton never presented any of the claims he now asserts in his federal habeas petition to any Wisconsin court. Instead, he merely

exhausted his administrative remedies. Individuals facing revocation of extended supervision, like Britton, have a right to a revocation hearing. Wisconsin revocation hearings are not held before a circuit court. They are instead held by state ALJs who are employed by the DHA, an agency of the Wisconsin Department of Administration. *See* Wis. Stat. § 302.113(9)(a). According to his petition, Britton challenged the revocation of his extended supervision in such a hearing. The ALJ ordered that Britton's extended supervision be revoked because he violated the terms of his supervised extension. Britton then pursued an administrative appeal before the Administrator of the DHA pursuant to Wis. Admin. Code § HA 2.05(8). The DHA Administrator sustained the ALJ's order of revocation.

Next, Britton filed his federal habeas petition with this court. However, to sufficiently exhaust his state remedies for purposes of § 2254, Britton was required to file a petition for a writ of certiorari with the county circuit court in which he was last convicted of an offense for which he was on supervision. *See* Wis. Stat. §§ 801.50(5), 801.02(7), 893.735. According to Britton's petition, he did not do this. Thus, the Wisconsin circuit court did not have an opportunity to rule on the merits of Britton's claims. Nor did the Wisconsin Court of Appeals or the Wisconsin Supreme Court. Accordingly, because it appears from Britton's petition that he has not exhausted all of the state remedies available to him, the court must dismiss Britton's petition

Under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), the applicant must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists

could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). While Rule 11(a) permits a district court to direct the parties to submit arguments on whether a certificate of appealability should be issued, additional arguments are not necessary here. Given the record before the court, no reasonable jurist would find it debatable whether this court was correct in its ruling on the present matter. As a consequence, the court must deny a certificate of appealability as to the petitioner's petition.

Accordingly,

**IT IS ORDERED** that petitioner's "Petition for Writ of Habeas Corpus" (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that a certificate of appealability as to the petitioner's petition be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 10th day of August, 2012.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge